

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY ANN HYDE,

    Plaintiff,

v.                                  CASE NO. 3:09-cv-413-J-25HTS

H & P CAPITAL, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, MARY ANN HYDE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, H & P CAPITAL INC., allege and affirmatively state as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of H & P CAPITAL INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Ohio, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Cincinnati, County of Hamilton, State of Ohio and are obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Jacksonville, County of Duval, State of Florida.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. On March 6, 2009, Defendant caller "Courtney Meyers" called 513-771-3791. (See third party statement of Plaintiff's mother attached as Exhibit A.)

12. Plaintiff's mother, Mary Hyde picked up the phone. (Exhibit A.)

13. Defendant caller Courtney Meyers did not disclose to Plaintiff's mother that she is confirming or correcting location information concerning Plaintiff, Mary Ann Hyde. (Exhibit A.)

14. Defendant caller asked Plaintiff's mother for her social security number and age to obtain more information about Plaintiff. (Exhibit A.)

15. Defendant caller disclosed to Plaintiff's mother that Plaintiff has a debt. (Exhibit A.)

16. Plaintiff's mother was informed that Defendants also contacted Plaintiff's previous place of employment, "asking a lot of questions." (Exhibit A.)

17. Defendant continuously failed to properly identify itself as a debt collector and failed to mention that all information sought would be used for that purpose.

18. Defendant called Plaintiff again at 513-771-3791 on the same day and contacted

Plaintiff directly.

19. In that conversation, Defendant threatened to sue Plaintiff.

20. Defendant threatened to garnish Plaintiff's wages.

21. Defendant stated to Plaintiff, "Our attorney will take a warrant."

22. Defendant did not send Plaintiff a debt validation letter.

23. To date, there is no lawsuit filed against Plaintiff.

24. To date, there is no action for wage garnishment against Plaintiff.

25. To date, there are no warrants issued for Plaintiff's arrest.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

26. Plaintiffs repeats, reallages and incorporate by reference all of the foregoing paragraphs.

27. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

   a. Defendant violated *§1692b(1)* of the FDCPA because Defendant caller failed to state that caller is confirming or correcting location information concerning Plaintiff.

   b. Defendant violated *§1692b(2)* of the FDCPA because Defendant caller stated to Plaintiff's mother that Plaintiff owes a debt.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating, in connection with the collection of Plaintiff's alleged debt, with a third party, Plaintiff's mother.

   d. Defendant violated *§1692c(b)* of the FDCPA by communicating, in connection

with the collection of Plaintiff's alleged debt, with a third party, Plaintiff's co-worker.

e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f. Defendant violated *§1692e(4)* of the FDCPA because Defendant made a false or misleading statement by stating that Plaintiff's non-payment of debt will result in wage garnishment.

g. Defendant violated *§1692e(4)* of the FDCPA because Defendant made a false or misleading statement when Defendant said, "Our attorney will take a warrant," that Plaintiff's non-payment of debt will result in arrest or imprisonment.

h. Defendant violated *§1692e(5)* of the FDCPA because Defendant made a false or misleading statement by threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

i. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect information about Plaintiff by engaging Plaintiff's mother in conversation.

j. Defendant violated *§1692e(11)* of the FDCPA because Defendant failed to disclose in subsequent communications that the contact is from debt collector.

k. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid

by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. As a consequence of Defendant's foregoing actions, Plaintiffs have suffered from stress, anxiety, and humiliation.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

29. Declaratory judgment that the Defendant's conduct violated the FDCPA.

30. Actual damages.

31. Statutory damages pursuant to the FDCPA 15 U.S.C. 1692k.

32. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

33. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:_____
Jeffrey Speigel
Krohn & Moss, Ltd
120 W Madison St, 10th Floor
Chicago, IL 60602
(312) 578-9428
Attorney for Plaintiff
Fl. Bar No. 0036589

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARY ANN HYDE hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO)

Plaintiff, MARY ANN HYDE, verifies as following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARY ANN HYDE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/31/09

Mary Ann Hyde,
Plaintiff

# **EXHIBIT A**

3-09

Ladies & Gentlemen

I'm writing this letter in regards of a phone call I received on March 6th 09 around Mid day. I answered the phone. The lady said she was Courtney Myers from H+P Inc, and she wanted to speak with Mary Hyde. I said I'm Mary but there is 2 Mary's that live here, which one did she want to speak to. She then said give me the last 4 digts of your Social security Number. I said I don't give out no information because it's so much scamming going on. She asked me how old I am, I said 76. She said if I must be the daughter. I told her she was real sick and had jates, and taking medication that make her real out of it. She said well you better get word to her and let her know I keep trying to collect a debt. She argue for a while and ask me well what do you want me to do. I told her just to call back because she was in a rattle. I told Mary what happen and Mary talked to some Nasty talking man. So Mary's she called

And said that HSP had called them asking a lot of questions. They wrote to Mary Ann. I don't know what they said but Mary said the HSP talked really nasty.

## EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — YES / **NO**

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____
_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 3/21/09

*Mary Ann Hyde*
Signed Name

*MARY ANN HYDE*
Printed Name